IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 5:23-cr-24-KDB |
| | ) | |
| v. | ) | |
| | ) | CONSENT ORDER AND |
| LARRY DEWAYNE COLVIN, JR. | ) | JUDGMENT OF FORFEITURE |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third-party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- **One Glock, GMBH 48, 9mm handgun (serial number BKYN978) and one Raven Arms, MP25, 25 caliber handgun (serial number 1106747), and ammunition, seized during the investigation on December 16, 2022;**

- **One Glock, GMBH 23, 40 caliber handgun (serial number GHX139), one Palmetto State 9mm handgun (serial number JJE06220), one Glock, GMBH 27, 40 caliber handgun (serial number EGK490US), one DPMS A15, 223 caliber rifle (serial number FFH229878), one Ruger 10/22, 22 caliber rifle (serial number 821-89345), one Remington 20-gauge shotgun (serial number CC46193E), one Sig Sauer, P938, 9mm handgun (serial number 52B324608), and one Ruger Legend 350 caliber rifle (serial number 690358857), and ammunition, seized during the investigation on December 16, 2022; and**

- **One Ruger EC9S handgun (serial number 456-02700), and ammunition, seized during the investigation on January 8, 2023.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

1

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third-party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property involved in or used in the offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

DENA J. KING
UNITED STATES ATTORNEY

_____
STEVEN R. KAUFMAN
Assistant United States Attorney

_____
LARRY DEWAYNE COLVIN, JR.
Defendant

_____
W. KELLY JOHNSON, ESQ.
Attorney for Defendant

Signed this the 6th day of August 2024.

_____
THE HONORABLE KENNETH D. BELL
UNITED STATES DISTRICT JUDGE